UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BECKY PEDIGO, )
)
      Plaintiff, )
) Case No. 1:09-cv-93
v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social SecuritY. )

### REPORT AND RECOMMENDATION

Before the Court is the plaintiff's application to proceed *in forma pauperis*. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of plaintiff's *in forma pauperis* application.

Title 28 U.S.C. § 1915 authorizes the Court to allow an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).

The Court's review of an application to proceed *in forma pauperis* is generally based solely on the affidavit of indigence. *See, e.g., Gibson v. R. G. Smith Co.*, 915 F.3d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed *in forma pauperis* is to show, by affidavit, she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed *in forma pauperis* is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Based upon a review of the plaintiff's application, the supporting documentation, and the

plaintiff's complaint, the requirements of 28 U.S.C. § 1915(a) have not been satisfied. The Court finds the defendant has the funds available in a savings account to pay the filing fee in this case. Accordingly, it is **RECOMMENDED** the motion of Plaintiff Becky Pedigo to proceed *in forma pauperis* be **DENIED**.[1]

Dated: April 13, 2009
s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).